IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK06-81473-TJM |
| | ) | |
| BILLY L.B. STARKEY and | ) | CH. 7 |
| HEATHER A. STARKEY, | ) | |
| | ) | |
| Debtors. | ) | |

## **MEMORANDUM**

Hearing was held in Omaha, Nebraska, on January 22, 2007, on the Motion to Dismiss Case for Abuse Pursuant to 11 U.S.C. §§ 707(b)(2) and 707(b)(3) filed by the U.S. Trustee (Fil. #27), and the Resistance thereto filed by Debtors (Fil. #34). John T. Turco appeared for Debtors and Jerry L. Jensen appeared for the U.S. Trustee. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A).

On September 26, 2006, Debtors filed their voluntary petition (Fil. #1) herein, together with their schedules and Form B22A, the statement of current monthly income and means test calculation. According to Debtors, the presumption of abuse under § 707(b)(2) does not arise as a result of the means test calculations. The U.S. Trustee argues that certain adjustments need to be made to Debtors' calculations, and that after such adjustments a presumption of abuse does arise under § 707(b)(2) and the case should be converted to a Chapter 13 proceeding or be dismissed. The U.S. Trustee further argues that even if the presumption does not arise under § 707(b)(2), the totality of the circumstances of Debtors' financial situation demonstrates abuse under § 707(b)(3).

Shortly after filing this proceeding, Debtors and their five children moved to Chantilly, Virginia, to accommodate Debtor Billy Starkey's job situation. When Debtors found a suitable residence in Virginia, they signed a three year lease calling for monthly rent (excluding utilities) of $3,300.00. According to the affidavit submitted by Debtors (Fil. #37), in addition to their rental they pay a $25.00 "wiring fee" and $490.00 per month for utilities (electric, gas, water, and sewer).

Form B22A was created to implement the complicated means test calculations of 11 U.S.C. § 707(b). In conducting the means test, the form and the statute allow Debtors to deduct for means test purposes expense categories determined by National Standards and Local Standards issued by the Internal Revenue Service. 11 U.S.C. § 707(b)(2)(A)(ii)(I). The expense categories determined by National Standards and Local Standards include housing and utility expenses. Form B22A, Line 20B.

According to the declaration and hypothetical means test form submitted by the U.S. Trustee

(Fil. #40), the Local Standard for housing and utilities in Virginia is $1,879.00 per month.[1] Debtors' Form B22A indicates that the Local Standard is $1,951.00 per month. Debtors, however, assert that they should also be entitled to also deduct the difference between their actual housing expenses and the Local Standard. According to Debtor's Form B22A, the difference is $1,249.00, but it is probably much more when utility costs are considered.

The parties agree that a presumption of abuse arises if Debtors are not entitled to deduct in their means test calculation their excess housing expenses. Thus, the sole issue before this Court is whether Debtors have presented "special circumstances" to rebut the presumption of abuse.

Pursuant to 11 U.S.C. § 707(b)(2)(B)(i):

> In any proceeding brought under this subsection, the presumption of abuse may only be rebutted by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces, to the extent such special circumstances that [sic] justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative.

Debtors assert that the high cost of housing in the area in which they live constitutes a "special circumstance" sufficient to rebut the presumption of abuse. In support, Debtors point to *In re Batzkiel*, 349 B.R. 581 (Bankr. N.D. Iowa 2006), which court stated:

> The Bankruptcy Code specifically delineates two "special circumstances": serious medical condition or active duty in the Armed Forces. 11 U.S.C. § 707(b)(2)(B)(i). Commentary suggests a myriad of other circumstances that should also qualify. Possibilities include moving expenses, security deposits, "high commuting costs, the increased price of gas, security costs in dangerous neighborhoods, or the cost of infant formula and diapers." 6 *Collier on Bankruptcy* ¶ 707.05[2][d]. "Indeed, any legitimate expense that is out of the ordinary for an average family, or that may have increased since the IRS guidelines were calculated, could be considered." *Id.*

*Id.* at 586. The *Batzkiel* court then went on to find that the debtors faced unusually high operating expenses relating to their motor vehicles and allowed excess expenses. Even though this Court does not necessarily agree with the expansive interpretation of special circumstances articulated in the commentary from Collier on Bankruptcy quoted by the *Batzkiel* court, the basic premise is clear enough; that is, the special circumstance must be out of the ordinary.

---

[1] The parties also disagree as to whether Nebraska or Virginia should be the "Local" Standard in this case. However, the parties agree that a presumption of abuse would arise regardless of which Standard is used if Debtors were not entitled to claim excess housing expenses. Therefore, for purposes of this Memorandum, the higher limits from the Virginia Local Standards will be used, without deciding the issue as to which state's Local Standard is applicable.

In the case at hand, no such special circumstances exist. The IRS has determined the Local Standard for housing. *See* Eugene R. Wedoff, *Means Testing in the New § 707(b)*, 79 Am. Bankr. L.J. 231, 256, 262 (2005) (asserting that the IRS Local Standards take into account local variations in expenditures and act as a cap from which Debtors may not depart). It is up to Debtors to show that their particular circumstances are "special" and not simply the same circumstances faced by any other family in the locality in which Debtors live. *See In re Tranmer*, ___ B.R. ___, 2006 WL 3366458, at *15 (Bankr. D. Mont. Nov. 16, 2006) (stating "In this Court's view, 'special circumstances' does not include debtor's desire to remain living wherever they choose, even when their place of employment changes or requires a long commute."); *In re Renicker*, 342 B.R. 304, 310 (Bankr. W.D. Mo. 2006) (no showing that no reasonable alternative exists to the extraordinary transportation and other expenses). Housing is expensive in the suburbs of the District of Columbia. That is not something unique to these Debtors. It is a fact of life faced by everyone who lives in that area and is supported by the rental house listings attached by Debtors to their Form B22A means test calculation.

Living in an expensive area is not a sufficient "special circumstance" under 11 U.S.C. § 707(b)(2)(B)(i) to rebut the presumption of abuse arising under 11 U.S.C. § 707(b)(2). Therefore, a presumption of abuse exists under 11 U.S.C. § 707(b)(2) and the U.S. Trustee's motion to dismiss is granted. Debtors shall have until February 23, 2007, to convert this case to a proceeding under Chapter 13. If the case is not converted by that date, it will be dismissed upon the filing of an affidavit by the U.S. Trustee. Since the foregoing is dispositive of this matter, it is not necessary to address the U.S. Trustee's other allegations.

Separate order to be filed.

DATED:    January 25, 2007

                                              BY THE COURT:

                                              /s/ Thomas L. Saladino
                                              United States Bankruptcy Judge

Notice given by the Court to:
    John T. Turco
    Thomas L. Stalnaker
    *Jerry L. Jensen/U.S. Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.